Appeal of **ROWE TRANSFER &**                    **Docket No. 700.**
            **COAL CO.**

The six stockholders of the taxpayer corporation owned all the stock of another corporation. The holdings of five out of the six stockholders were identical in each corporation. One stockholder owned 11% of the stock of one and 16⅔% of the other, his holdings being the only divergence.

*Held:* Substantially all of the stock of both corporations is owned by the same interests within the meaning of section 240 (b)(2) of the Revenue Act of 1918, and said corporations are required to make a consolidated return of net income and invested capital for the purpose of having their tax liability determined under Titles II and III of the Revenue Act of 1918.

Submitted January 19, 1925; decided February 17, 1925

*Newell W. Ellison, Esq.,* for the taxpayer.

*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before HAMEL, Chairman, GRAUPNER, LITTLETON, and SMITH.

This is an appeal from a deficiency letter dated September 30, 1924, asserting a deficiency of $1,763.80 income and profits taxes for the fiscal year ending March 31, 1920. The facts are stipulated and the question involved is whether substantially all the stock of the Rowe Transfer & Coal Co. (the taxpayer) and the Knoxville Motor Co., is owned and controlled by the same interests within the meaning of section 240(b)(2) of the Revenue Act of 1918. The taxpayer contends that substantially all of the stock of the two corporations is not owned or controlled by the same interests in substantially the same proportion in each, and that therefore a consolidated return should not be required for the period in question. From the evidence submitted, the Board makes the following

FINDINGS OF FACT.

1. The Rowe Transfer & Coal Co. is a Tennessee corporation with its principal office at 415–417 North Gay Street, Knoxville, Tenn. The Knoxville Motor Co. is also a Tennessee corporation, with its principal office at 413 North Gay Street, in said city.

2. The Rowe Transfer & Coal Co. is engaged in operating trucks for hire in the hauling of household goods, coal and other effects from one point to another within the city of Knoxville, Tenn.

3. The Knoxville Motor Co. is engaged in the business of selling automobiles at retail in the said city of Knoxville, Tenn.

4. The offices of the two companies are in the same building but each occupies a separate part. The taxpayer owns the building, and the Knoxville Motor Co. pays rent for its portion. The books and accounts of the two companies are kept entirely separate and distinct and neither company borrows money from nor loans money to the other. The expenses and income are handled separately.

5. The ownership of stock in the two companies for the fiscal year in question was as follows:

| | Rowe Transfer & Coal Co. | | Knoxville Motor Co. | |
| --- | --- | --- | --- | --- |
| | Shares | Per cent | Shares | Per cent |
| W. T. Rowe | 178 | 17.8 | 41⅔ | 16⅔ |
| John C. Cruze | 110 | 11.0 | 41⅔ | 16⅔ |
| C. H. Paull | 178 | 17.8 | 41⅔ | 16⅔ |
| S. A. Kohlhase | 178 | 17.8 | 41⅔ | 16⅔ |
| J. E. Dupes | 178 | 17.8 | 41⅔ | 16⅔ |
| A. J. Taylor | 178 | 17.8 | 41⅔ | 16⅔ |
| | 1,000 | 100 | 250 | 100 |

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

HAMEL, Chairman: The sole question to decide in this appeal is whether or not substantially all of the stock of the Rowe Transfer & Coal Co. and the Knoxville Motor Co. is owned or controlled by the same interests within the meaning of section 240(b) (2) of the Revenue Act of 1918. The essential facts are undisputed and are as set forth in the findings of fact .

It will be noted from the table of ownership that the stock ownership is identical in both companies with the exception of that of John C. Cruze. He owned 11 per cent of the stock of the taxpayer corporation and 16⅔ per cent of the stock of the Knoxville Motor Co. The case narrows to this divergence of interest. Will this divergence of interest of one stockholder under the circumstances sustain the contention that the capital stock of both corporations is not substantially owned by the same interests?

The Revenue Act of 1918 provides:

" SEC. 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested· capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return * * *.

"(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

In the first place, it is clear that the same men owned all the stock of both corporations; also, that the holdings of five out of the six stockholders are identically the same in each of the companies. Counsel for the taxpayer relies upon article 633 of regulations 45 and particularly the following extract:

" But when the stock of two or more corporations is owned or controlled by two or more individuals * * * a consolidated return is not required unless the percentage of stock held by *each individual* * * * is substantially the same in each of the affiliated corporations." (Italics ours.)

"The words 'substantially all the stock' can not be interpreted as meaning any particular percentage, but must be construed according to the facts of the particular case."

Counsel for the taxpayer argues that the particular facts in this case do not justify a determination of affiliation and that the divergence of ownership of stock is such as to indicate that there is not an affiliation under the Revenue Act as above interpreted.

We can not reach this conclusion, even under the above-mentioned article 633. While it is true that the two corporations are engaged in dissimilar lines of business, and have no intercompany transactions, there is, in our opinion, a most striking similarity in the ownership of stock in these two corporations. While there is a slight divergency in Cruze's holdings, the others are identical even to the fraction of a per cent. The divergence in Cruze's holdings is in reality very slight. He owns 11 per cent in one and $16\frac{2}{3}$ per cent in the other. The difference in the ordinary sense is only $5\frac{2}{3}$ per cent, or about one-fifteenth.

Cruze owned a substantial portion of the stock in each corporation. Under all the circumstances, we do not think there is such a divergence in his holdings in the two companies as to justify the conclusion that substantially all of the stock thereof was not owned or controlled by the same interests.

If Congress had intended to exclude corporations having no intercompany relations it would have been so indicated in the statute, for such affiliations are not uncommon. *Appeal of Schloss Brothers Co.*, 1 B. T. A. 581. Congress did say in unmistakable language that two or more corporations are affiliated when substantially all the *stock* is owned or controlled by the same interests.

To hold that substantially all the stock in this case was not owned or controlled by the same interests would be inconsistent with and contrary to a sound, sensible analysis of the admitted facts herein. It is our opinion that in this case the corporations in question are affiliated and should file a consolidated return of net income and invested capital as provided by section 240 of the Revenue Act of 1918.